Good morning. My name is Theodore Bolling. I'm representing the appellants, which is the law firm that you mentioned, and myself and I will refer to them today collectively as BWG. I'd like to summarize our position as to why this case does not present a justiciable or right controversy. The reason or the point to begin, I guess, is with the fact that before this complaint was filed, almost- Excuse me, counsel. Am I speaking too loudly? Mr. Clerk, will you get Kwame up here? We're getting feedback in the courtroom, Chief Judge Schroeder, and it's overwhelming counsel's ability to think and talk at the same time. We hear him say something, and then we hear him say it again through the speakers. Should I step away? Yeah, try stepping back. Try stepping back just a teeny bit. We can hear you all right. Okay, try it there. Can Judge Fletcher hear me? Judge Schroeder, can you hear us, Judge Schroeder? Yes. Okay. All right. The place to begin is almost five months before this complaint was filed on November 17 of 2004, BWG sent a letter to monitor the managing agent for the insurance company advising that we would not be defended. We were not asking for a defense in this case, that we had put them on notice, but we did not want to be defended by- You didn't want to be defended by a lawyer of their choice. You wished to be defended, but you wished to do it yourself. That's correct. Yeah. We did not want monitor to control the defense for reasons that are referred to generally in the briefing. So we made that clear. They went ahead and filed the lawsuit anyway, notwithstanding an insurance company's duty to defend does not arise unless the defense is tendered to the insurance company. We cited numerous California cases- But I think you made it fairly clear that if you defended and if you lost, that is, if you yourselves did the defense, but nonetheless there was some judgment against you or some award through settlement against you, you expected the insurance company to pay it. Correct? Yes. Absolutely correct. So aren't you trying to have your cake and eat it, too? No, because they have a remedy. Which is? Which is breach of the cooperation clause. And that leads me to my next question. I'm not sure we have appellate jurisdiction. I don't quite understand what happened in the trial court. There were two counts that were brought in this declaratory judgment action. I know that were brought in the alternative, but the second one, it isn't clear to me what happened to the claim that you breached, and therefore they owed no duty of anything to you. Well, we addressed that, and that was the focus of our argument that the district court abused its discretion by entertaining this declaratory relief action. We raised that issue below. Let's assume that the district court- Yes. Decided the first claim for relief, which was the duty to defend issue, and closed the case without addressing the second claim for relief. The argument advanced by the insurance company below was that the second claim was fled in the alternative, and the court did not really need to address it. And when we challenged that contention by the insurance company in the briefing below and here, we pointed out that what got left is another lawsuit. In the event DWG loses in the Bannacourt case, there will be another lawsuit over whether or not DWG or whether or not the insurance company is obligated to pay, because its defense, then, is breach of the cooperation clause. Can I follow up? This is really a follow-up on Judge Trott's question. As I understand it, or at least as I'm going to now ask it, it's a fairly technical question, and that is to say, do we have a final judgment? That is to say, if there are two claims in the case, only one of which is decided, the other is not decided, do you enter judgment on the one? You don't have a final judgment. Well, I agree. I agree. And that's why the court should not have the district court should not have taken it. Well, but do we have appellate jurisdiction? Well, yes. But if there's no final no, but you see- The district court closed the case. But you see, you can't have the two answers you gave us. That is to say, if this is not a final judgment, we do not have appellate jurisdiction, period. Oh, I'm not sure. His partial summary judgment was final as to the first claim for relief. Correct. He closed the case, leaving out the limbo, and I'm referring to the district court. Let me ask you this. Closed the case is not a technical term. Final judgment is a technical term. We need a final judgment. And if there's a claim outstanding that has not been decided, we don't have a final judgment. Now, it's possible that because the claims were pled in the alternative, that once he decides one claim, he need not reach the alternative claim and that we should read his judgment as final and as necessarily implicitly dismissing the other. But that's the technical argument we've got to get past. Well, here's what happened. Here's what he did. He, and I'm referring to the district judge again, he indicated in his memorandum in order that the judgment, he entered judgment. And the judgment could be used by the insurance company as a defense in a later filed action. And that later filed action would be an action to either brought by the insurance company or plaintiff or brought by BWG to determine the issue, whether there was breach of the cooperation clause that substantially prejudiced Carolina Casualty, the insurance company. The district judge indicated you can use my judgment in this case as a defense in the, or as a basis for arguing that there is no obligation to indemnify in the event there's an adverse judgment in the underlying case. So. Well, it's still a strange circumstance. Ordinarily, if there's two causes of action pled and there were two causes of action pled in this case and they're somewhat mutually exclusive, which they certainly could have been, the failure to resolve the second one doesn't give us a final judgment and we don't have any appellate jurisdiction. Then the case should be sent back. I mean, where does this leave the parties? The parties are in limbo because if the court doesn't entertain this appeal on the grounds you've indicated, Your Honor, then the parties are in limbo, in limbo. He has, the insurance company has an order which is characterized by the first court as a judgment that can be used. It's a partial judgment. I beg your pardon? It's a partial judgment. I'm sorry. Partial judgment because of count two. Well, he characterized it as a judgment and he dismissed the other cause of action. So now there's going to be another lawsuit in the event there's an adverse result in the underlying case. For breach. Yes. And we've made clear that under California law to avoid an indemnity obligation for breach of the cooperation clause, the insurance company has to prove that there would have been a different result. Why didn't you just use shadow counsel, which is what frequently happens in a case like this? Okay. They're running the show, but we're going to bring in our own lawyer to sit there and act as a shadow and make sure it goes in our direction. You mean we bring in the shadow counsel? Yes. That frequently happens. That has happened, yes. But to be quite frank, prior experience with Monitor, which we allude to in our briefing, caused us to be very concerned about how they attempt to interject themselves and exercise absolute control over how a defense is conducted. That was our concern. Plus, we had thought this was a very frivolous case, the underlying case, and that it could be disposed of without, internally, without having to pay. $50,000. My sense is you're trying to save the $50,000 deductible. Well, that was part of it. That was part of it, but it was more than that. It really was more than that, and we allude to it in our papers. And, again, it's a prior experience in an unrelated matter with this Monitor managing agency. Okay. Briefly, what do you want us to do and why, briefly? We want you to we would like you to reverse on the ground that this was not a justiciable or right controversy. It was not justiciable or right because we didn't tender the defense. Therefore, there was no duty to defend. Monitor claims there's a right to defend. It has a right to defend, but it can't compel us to accept representation from counsel that we don't so want, and it can't compel us to allow Monitor to control, to control our defense. So there is no direct or immediate harm. So you want us to you want us to remand with instructions to what? Abstain, dismiss the case, stay? I want you to we would request that it be reversed and remanded with instructions to dismiss the first claim as not being right or judiciable at this time. And what do you want on the second one? It's already they've dismissed it. Okay. Thank you. We'll hear from the other side. Thank you. Good morning, Your Honors. Chad Wooten appearing on behalf of Appelli Carolina Casualty Insurance Company. I think you were exactly on the money, Your Honor, when you said that Bowling Walter and Gothrop wants its cake and wants to eat it, too. There is simply no justification for a rule which would allow an insured to notify its insurance company of a claim, say, you're not going to be allowed to defend this claim or touch it. If there's a judgment against us at the end of the day, we're going to come to you, and you better pay that judgment. That is simply contrary to all notions of insurance law in the State of California. And we do have a ripe controversy here. There is an actual controversy. They say that an insurer has no duty to defend until the defense is tendered. We disagree. The policy says that Carolina Casualty has the right and the duty to defend any claim to which the insurance applies. The district court correctly found that this insurance does apply here. Obviously, everybody contends it applies. They contend that we're going to have to pay the judgment at the end of the day. And the district court said, based on that contention on their part, that's a tacit admission that the insurance applies on their part. And it does apply because of that reason. So we are entitled to a determination that we have the right to defend when the insurance applies to a claim. Have you thought of identification requests at the end of the day? That's pretty straightforward. But have you thought about the tricky problem of count two having disappeared into a black hole that may deprive us of appellate jurisdiction because we don't have a final judgment with respect to both counts in the case? Your Honor, I'm not sure exactly how we deal with that situation. I'm not either. That's why I'm asking. I mean, it's very curious. Usually, we don't have appellate jurisdiction until judgments have been entered on all active counts. And we don't have that here. Well, counsel for the insured has represented that the district court did dismiss the second count. And, frankly, I'd have to look carefully at the order to see whether that is, in fact, the case. What did you have? We have represented in our papers that we would deem that count to be dismissed. Did you represent that? Yes. I don't understand why. I mean, you bring two that are exclusive. You know, you're trying to get out from underneath the whole thing. On count one, you're saying, hey, we get to defend this. It follows from that that you'd have to indemnify if there's some kind of a liability that attaches. And count two that says, hey, we're out from under everything. How did you walk away from that? What were you intending to do by pleading this in the alternative? I just don't get it. Your Honor, the second claim, we never anticipated when we filed this action that if we got a determination from the court that we had a duty to the right to defend and the right to appoint defense counsel, that their position was going to be, we don't care, we're still not going to let you defend. We didn't anticipate that. So we filed our motion. We sought a determination that we had the right and duty to defend. The court agreed. And in their opposition, they said, well, we're not going to listen. If you hold that the insurance company has the right and duty to defend, we don't care. We're going to go on and continue to defend ourselves anyway. And in our reply brief, I said, well, the court has power to put some teeth into its order to deal with this situation because we have asked for a declaratory relief. The court has equitable powers. In our prayer for relief, we asked for the court to award such other and further relief as the court deems just and proper. And here the court did put teeth into its order by saying, under that first claim for relief, if they don't let you appoint counsel, then you can use this as a defense in any later filed coverage action. So now we think we do have a defense in the event they come to us and ask us for indemnity. We can say no. My tentative answer, at least, to the final judgment question, is answered by the documents that you can find at 198 and 199 of the excerpts of record. We have a minute order that says, there's a little hole here somewhere, but it says case closed on 6-1-2005. Then there's a little text about this. Case terminated. Case closed. Signed by Judge Frank C. Damrell. Page 199. This is the judgment page. Decision by the court. Judgment is hereby entered in accordance with the court order of 6-1-05. Although he doesn't say that I dismissed the second count because it was alternative. If he says the case is closed and then he says the judgment is entered, a final judgment and it's specifically labeled judgment in a civil case, that strikes me as what he did, at least by necessary implication, was he dismissed the second claim because it was alternative. He didn't quite say it, but that's what I think. That's how I would construe these documents. Yes, Your Honor, I agree with you. I think that's the correct interpretation of what happened. And, again, we've pointed out in a footnote of our appellee's brief that we would deem the second cause of action to be dismissed without prejudice because we don't want to be precluded from, you know, making that allegation under the cooperation clause if we have to at the end of the day. But we don't think we're going to have to because we think we now have a judgment that allows us to decline coverage for any judgment against them. So are you trying to intrude into the defense of that case now or are you just sitting there with the judgment waiting to whack them with it? The latter, Your Honor. We would be happy to have jumped in and defended at any point in the game, but, unfortunately, we were never allowed to do so by the insured. Not only not allowed, but resisted. Correct. Okay. A game of chicken. Anything else? No, Your Honor, unless you have any further questions. No, I don't think we do. Do you have any 30-second responses to that? Thirty seconds? I'll try. The whole point is that this case should never have been entertained by the district court because to determine what relief they're entitled to, there has to be an adjudication of the underlying Vanderquart action. The reason for that is the insurance company, under California law, subtle California law, cannot avoid coverage for indemnity if there's a breach of the cooperation clause unless it proves substantial prejudice and the test for substantial prejudice under California supreme court authority is that there's more probable than not there would have been a different result, a better result in the underlying case if they had their own counsel in the case and control of the case. Excuse me. Could I just ask one question of counsel? Am I correct that the Vanderquart case is proceeding and that you are still representing yourself in it? Yes, Your Honor. And as a matter of fact, as we advise the court in response to the court's inquiry, the defendant's motion for summary judgment of Vanderquart case is scheduled for hearing this coming Monday. The tentative ruling is due tomorrow. So the timing is ‑‑ And you ‑‑ I'm sorry? And you have no intention of tendering the defense at some later time or you're intending to see this through. Is that correct? Absolutely. Absolutely, Your Honor. All right. Thank you. That would be inappropriate. We made it clear to them five months before this lawsuit was filed that we would not accept a defense. And if you win, you're out from under. If you lose, then you face another action. Correct. And then you can raise the no prejudice in the action. Correct. Okay. Got you. Thank you very much. The case just argued is ordered and submitted. Good luck to both of you.
judges: Schroeder, Trott, W. Fletcher